UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sarra Harbaoui Cardoso,<br><br>Plaintiff,<br><br>v.<br><br>Hat World, Paris Saint Germain, Fernando Hernandez, and Paul Aguirre,<br><br>Defendants. | Case No. 2:24-cv-02164-GMN-DJA<br><br>**Order** |

    Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*, meaning without paying the filing fee. (ECF No. 9). Plaintiff also submitted a complaint.[1] (ECF No. 7-1). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.**   ***In forma pauperis* application.**

    Plaintiff filed the affidavit required by § 1915(a). (ECF No. 9). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

---

[1] Plaintiff attached this complaint to her second application to proceed *in forma pauperis*, which application the Court denied. Plaintiff's complaint (ECF No. 7-1) is substantially identical to her originally filed complaint (ECF No. 2-1), although Plaintiff has now added her address to it and included emotional distress as her damages. Because an amended complaint supersedes an original complaint, and because the Court liberally construes *pro se* filings, the Court will construe Plaintiff's complaint filed with her second application to be her amended complaint and will screen that complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that *pro se* complaints, however inartfully pleaded, must be held to less stringent standards); *see Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (explaining that, generally, an amended complaint supersedes an original).

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A.    *Plaintiff's allegations.*

Plaintiff sues her former employers Paris Saint Germain and Hat World, Inc.[2] and her former manager, Paul Aguirre, and district manager Fernando Hernandez. She alleges that she is an immigrant from Africa. She asserts that, on July 16, 2023, her co-worker joked in front of customers that, because Plaintiff is from Africa, "she is not USED to life in Vegas, she lives with lions and wild animals in desert." (ECF No. 7-1 at 3). Plaintiff complained to Aguirre about those jokes, but Aguirre ignored her and retaliated against her by cutting her hours and denying her access to the computer system, while increasing the hours of and granting computer access to the employee who had joked about Plaintiff.

Plaintiff then escalated her complaints to the district manager, Hernandez by emailing him on August 2, 2023. But as of August 16, 2023, Plaintiff did not hear back from the human resources department. Plaintiff alleges that, instead, Hernandez retaliated against her by assessing

---

[2] It is not clear if Plaintiff alleges that Paris Saint Germain is doing business as Hat World given her allegation that the facts she describes "happened on the floor of Paris Saint Germain the French Soccer Team, but its under Hat World, Inc." (ECF No. 7-1 at 6). However, because Plaintiff lists Paris Saint Germain and Hat World as two separate Defendants, the Court construes them as two separate entities.

two "corrective actions" against her, dated the same day she emailed Hernandez. Plaintiff alleges that this forced her to quit her job. She lists "emotional distress" as her damages. Plaintiff has filed a notice of right to sue letter from the Equal Employment Opportunity Commission dated August 30, 2024. (ECF No. 2-3).

Plaintiff brings one claim for "race national origin." Liberally construing her complaint, Plaintiff brings a discrimination claim and a retaliation claim. While she does not identify the legal basis for her claims, it appears that she is invoking Title VII of the Civil Rights Act of 1964. That Title prohibits employers from discharging or discriminating against any individual on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). It also prohibits employers from retaliating against employees who have "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a); *see also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). To the extent a plaintiff attempts to bring a Title VII claim, the plaintiff must first have exhausted their administrative remedies. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).

To state a claim for discrimination in violation of Title VII, a plaintiff must allege: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she experienced an adverse employment action; and (4) similarly situated employees outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). To state a retaliation claim in violation of Title VII, a plaintiff must allege: (1) she engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) a causal exists link between the protected activity and the employer's adverse action. *Davis*, 520 F.3d at 1093-94. "Protected activities" include complaining that a supervisor has violated Title VII. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009). An adverse employment action is one that "materially affects the compensation, terms, conditions, or privileges of employment." *Davis*, 520 F.3d at 1089.

Here, Plaintiff states colorable claims for Title VII discrimination and retaliation against

Defendants. As a preliminary matter, Plaintiff appears to have exhausted her administrative remedies. She also alleges that, after she complained about her co-worker's comments to Aguirre, Aguirre denied her access to the computer system and cut her hours for no other reason than to retaliate against her. But Aguirre gave her similarly situated coworker more hours and did not limit her coworker's access to the system. She also alleges that, when she tried to complain about Aguirre's behavior, human resources did not respond and Hernandez retaliated against her by disciplining her. So, the Court will allow Plaintiff's discrimination and retaliation claims to proceed against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 7-1) on the docket and issue summonses to: (1) Paris Saint Germain; (2) Hat World.; (3) Fernando Hernandez; and (4) Paul Aguirre.

**IT IS FURTHER ORDERED** that Plaintiff's claims for Title VII discrimination and retaliation shall proceed against Defendants.

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding *in forma pauperis*, she may rely on the United States Marshal's Service ("USMS") for service. *See* Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) four copies of the Form USM-285.[3]

---

[3] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return.

1  **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS: (1) a copy of this order; (2) four copies of the complaint (ECF No. 7-1); and (3) the summonses issued to the Defendants.

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for each Defendant and provide an address where each Defendant can be served with process. Plaintiff must deliver her completed forms to the USMS on or before **July 10, 2025.**

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the USMS shall attempt service upon Defendants.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving from the USMS a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, she must file a motion with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that service must be accomplished on or before **September 8, 2025**.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: June 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE