UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SARRA HARBAOUI CARDOSO,

               Plaintiff,

    vs.

HAT WORLD *et al*,

               Defendants.

Case No.: 2:24-cv-02164-GMN-DJA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendants Hat World and Paul Aguirre.  Plaintiff Sarra Harbaoui Cardoso filed a Response, (EFC No 22).  Defendants did not file a Reply, and the time to do so has now passed.

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

I.    **BACKGROUND**

This case arises out of the alleged discrimination and retaliation Plaintiff experienced while employed by Hat World. (*See, generally* First Amended Complaint ("FAC"), EFC No. 2-1).  Plaintiff alleges that her co-worker, Daniel Gutierrez, discriminated against her by mocking her race and national origin. (FAC 3:13–20).  Plaintiff reported the harassment to her manager, Defendant Paul Aguirre, who she alleges repeated the discriminatory jokes. (*Id.* at 3:23–24; 4:1–2).  She also alleges that Aguirre retaliated against her by restricting her access password to the store's computer system and taking her sales. (*Id.* at 4:3–8).

Plaintiff then reported the harassment to the District Manager, Defendant Fernando Hernandez. (*Id.* at 4:15–18).  He allegedly told her that he would open an investigation regarding the reported harassment. (*Id.*).  Though Hernandez talked to her about the report a

couple weeks later, Plaintiff claims she never received any communication from Human Resources regarding her report. (*Id.* at 4:20–24). She then contends that Hernandez retaliated against her by filing two corrective actions on the same day she reported the harassment to him. (*Id.* at 4:24–27). Finally, she alleges that she was forced to quit her job because of the discrimination and retaliation. (*Id.* at 6:4–8).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 7, 2024. (Plaintiff's Charge of Discrimination, Ex. A to Mot. Dismiss, EFC No. 15-2). On August 30, 2024, the EEOC issued a Determination and Notice of Rights. (Determination and Notice of Rights, Ex. B to Mot. Dismiss, EFC No. 15-3). The Notice advised Plaintiff of her right to sue and admonished her that a lawsuit must be filed within 90 days of receipt of the notice. (*Id.*).

On November 20, 2024, Plaintiff filed pro se an Application for Leave to Proceed *in forma pauperis* ("IFP"). (EFC No. 2.). Attached to the application was the initial Complaint (EFC No. 2-1). The Complaint was not signed by Plaintiff. (Compl. 7:22–23). On January 8, 2025, Magistrate Judge Albregts denied Plaintiff's application to proceed IFP without prejudice and with leave to amend. (Order 1:15-18, EFC No. 6). He gave Plaintiff until February 7, 2025, to either file a renewed application or to pay the filing fee. (*Id.* at 1:19–20).

Plaintiff filed an amended IFP on February 5, 2025. (EFC No. 7). Attached to the IFP was the First Amended Complaint ("FAC"), signed by Plaintiff. (EFC No. 7-1). The FAC identified the Defendants as Hat World Paris Saint Germain, Paul Aguirre, and Fernando Hernandez. (*Id.*). On March 21, 2025, Judge Albregts denied Plaintiff's IFP application without prejudice and gave her leave to file an amended application until April 21, 2025. (Order 3:1–6, EFC No. 8). On April 4, 2025, Plaintiff filed a second amended IFP. (EFC No. 9). Judge Albregts granted her application on June 11, 2025. (Order, EFC No.10). Per the Order, the FAC was filed on June 12, 2025. (EFC. No. 12). Defendants Hat World and Aguirre

then filed the instant Motion to Dismiss seeking dismissal of this case due to Plaintiff's failure to file a signed complaint by the deadline.

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    <u>DISCUSSION</u>

Defendants move to dismiss all of Plaintiff's claims, arguing that they are barred by the statute of limitations. (*See generally* Mot. Dismiss, ECF No. 15).  Additionally, Defendants move to dismiss the claims against individual Defendants Aguirre and Hernandez because such claims are not permissible under Title VII. (*Id.*).  Though Plaintiff filed a Response, she did not address the issues raised in the Motion to Dismiss but rather restated her claims of harassment and retaliation. (*See generally* Resp., ECF No. 22).  The Court considers each of Defendants' arguments in turn.

#### A.  Statute of Limitations

Defendants claim that Plaintiff's claims are time barred because she failed to submit a signed complaint within the 90-day deadline. (*See generally* Mot. Dismiss).  Before a claimant can file a Title VII civil action, she must first file a charge of discrimination with the EEOC. *Nelmida v Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citation omitted).  If the EEOC dismisses the charge, a claimant has 90 days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).  This 90-day period is a statute of limitations. *Nelmida*, 112 F.3d at 383.  If the claimant fails to file within the 90-day period, the action is time-barred. *Id.*

Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." A court must reject an unsigned pleading, unless it advises the party of the defect, and the party promptly corrects the error. Fed. R. Civ. P. 11(a).

Here, Plaintiff's right-to-sue letter was issued on August 30, 2024.  She filed her first IFP and the unsigned Complaint on November 20, 2024, 82 days after the right-to sue letter was issued and within the statutory period.  The signed FAC, however, was filed on February 5,

2025, well outside 90-day statute of limitations. (FAC).   Defendants argue that because the initial, timely Complaint was unsigned, the Court should dismiss her claim. (Mot. Dismiss 5:2–16).   Judge Albregts did not advise Plaintiff of the defective Complaint in his Order denying her first IFP application, but she nevertheless corrected the error within the time limit given in that Order.

In *Escobedo v. Applebees,* the Ninth Circuit considered a similar question regarding whether the filing of a rejected IFP commences a claim within the statutory time period. 787 F.3d 1226 (9th Cir. 2015).   There, the plaintiff filed an IFP and complaint within the statutory time limit, but the IFP was rejected by the court. *Id.* at 1229–30.   She later refiled with the filing fee after the statute of limitations had run, but within 30-day time period imposed by the court. *Id.* at 1230. The district court dismissed her case as time barred. *Id.*   On appeal, the panel held that the filing date "will be the date on which the complaint was originally delivered to the clerk's office along with the IFP application." *Id.* at 1228.   Defendants argue that this case is distinguished from *Escobedo* because the initial complaint in that case was signed. (Mot. Dismiss 5:17–21).   However, the fact that the initial complaint was unsigned is not dispositive. Because Plaintiff corrected the error promptly, "the filing date of the corrected complaint relates back to the date of the initial complaint." *Holmes v. Clark County,* No. 2:23-cv-1988-JCM-DJA, 2024 WL 4603700 at *2 (D. Nev. Oct. 29, 2024) (finding prompt correction of an unsigned *pro se* complaint related back to the original complaint), *vacated on other grounds on reconsideration,* No. 2:23-cv-1988-JCM-DJA, 2025 WL 2421250 (D. Nev. Aug. 21, 2025). Moreover, Plaintiff was not advised of the need to sign any filings until January 8, 2025, when Judge Albregts issued his order. (Order, EFC No. 6).   Plaintiff's claim should not be barred because Judge Albregts failed to notify her of the defects within the 90-day time period. Additionally, Plaintiff has subsequently diligently pursued her claim, complying with deadlines

set by Judge Albregts.  Accordingly, the Court concludes that Plaintiff's FAC is not time-barred and does not dismiss it on those grounds.

The Court's decision today conforms to previous decisions regarding *pro se* litigants bringing claims under Title VII. *See, e.g. Greenlaw v Garrett,* 59 F.3d 994 (9th Cir. 1995); *Rodgers v. American Airlines, Inc.*, 26 Fed. Appx. 671 (9th Cir. 2001).  "The Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination." *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir. 1977).  Congress did not intend for laymen to understand each procedural step they must take in order to perfect their claims. *Id.*  The Court's outcome on this issue is further supported by the Ninth Circuit's preference for cases to be decided on the merits,  *see Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1972), and the fact that "pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of a technical procedural requirement." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Ko v. Mut. Pharm. Co. Inc.*, 2013 WL 3338596, at *2 (N.D. Cal. July 1, 2013) (indicating courts ordinarily grant *pro se* litigants an opportunity to correct deficient signatures).  In denying Defendant's Motion to Dismiss, the Court follows other courts in affording a *pro se* plaintiff the benefit of the doubt. *See, e.g.*, *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d. 1082, 1084 (9th Cir. 1983); *Rodgers*, 26 Fed. Appx at 672.

For the above reasons, the Court denies Defendants' Motion to Dismiss Plaintiff's Complaint as barred by the statute of limitations.

**B.  Dismissal of Individual Defendants**

Plaintiff brings claim under Title VII of the Civil Rights Act of 1964 against Aguirre and Hernandez as individual employees of Hat World. (FAC 2:25–3:1).  Defendants argue that the claims against the individual Defendants must be dismissed because liability under Title VII is limited to the employer. (Mot. Dismiss at 5:24–6:2).  The Court agrees.

Courts have uniformly found that individual employees may not be held liable under Title VII.  *See, e.g. Miller v. Maxwell's Int'l. Inc.,* 991 F.2d 583 (9th Cir. 1993); *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 808 (9th Cir. 1996) ("[E]mployees cannot be held liable in their individual capacities under Title VII.").  Because the law is unambiguous on this issue, the Court grants Defendants' Motion to Dismiss the claims against Defendants Aguirre and Hernandez with prejudice.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 15), is **GRANTED in part** and **DENIED in part.**  The claims against Defendant Hat World, Inc. are not dismissed as time barred.  The claims against individual Defendants Paul Aguirre and Fernando Hernandez are hereby **DISMISSED with prejudice.**

**DATED** this __11__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT